# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GONZALES GOMEZ-MORALES,**

    **Petitioner,**

v.                                      **CIVIL ACTION NO. 5:06cv108**
                                                **(Judge Stamp)**

**WARDEN JOYCE FRANCIS,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On September 8, 2006, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241. The petitioner, an inmate at the Gilmore Federal Correctional Institute, is challenging the validity of his conviction in the United States District Court for the District of Arizona, Phoenix Division. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

### II. PROCEDURAL HISTORY

On February 12, 1992, the petitioner was convicted of Conspiracy to Distribute Cocaine and Conspiracy to Attempt to Possess and Distribute Cocaine in violation of 21 U.S.C. § 846. The petitioner was sentenced to 360 months on counts 1 and 2, to be served concurrently, and 60 months supervised release as well as a $25,000 fine. On June 26, 1996, the petitioner's sentence was reduced to 288 months on counts 1 and 2, again to be served concurrently with the previously stated conditions remaining the same. Petitioner appealed his conviction and sentence. On October 14, 1994, the Ninth Circuit Court of Appeals affirmed his conviction and sentence.

On April 21, 1997, petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the United States District Court for District of Arizona seeking to vacate his sentence. On July 30, 1998, Judge Earl H. Carroll entered an order denying the motion. On July 17, 2006, the petitioner filed a second motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Arizona seeking to vacate his judgment or obtain relief from the judgment. On August 15, 2006, Judge Earl H. Carroll entered an order denying the motion without prejudice to allow the petitioner to obtain certification from the Ninth Circuit Court of Appeals for Leave to File Second or Successive Petition or Motion under 28 U.S.C. § 2255.

Petition thereafter filed his instant petition pursuant to 28 U.S.C. § 2241 in which he alleges that the "Act" for which he was convicted does not constitute a "felony crime." More specifically, petitioner alleges that Title 21 U.S.C. §§ 841 (a)(1) and 846 are not crimes for which a jury has convicted him of violating, and there is no punishment in the letter of the statute under which he was charged. Furthermore, the petitioner alleges the statute fails to define a crime as is required by the Fifth Amendment of the U.S. Constitution.

### III. ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. Adams v. United States, 372 F.3d 132, 134 (2nd Cir. 2004); see In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Conversely, Section 2241 is the proper method for challenging the execution of a sentence. Adams at 135; see In re Jones, at 332-33. In a § 2241 petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type of detention and conditions in the facility where he is housed. Adams at 135.

In his petition, the petitioner attacks the validity of his sentence rather than the means of execution and seeks release from his "void" sentence. Accordingly, it is the type of challenge that ordinarily must be brought under § 2255 and not § 2241. A federal prisoner attacking the validity of his conviction or sentence may utilize the provisions of § 2241, but only when § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective. In re Vial, 1194.

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Id. at 333-34.

There is nothing in the petitioner's §2241 petition which demonstrates that he meets the Jones requirements. The petitioner was convicted of violating 21 U.S.C. § 846[1], which remains a criminal

---

[1] 21 U.S.C. § 846 provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy. The second superceding indictment charged the petitioner with conspiring to distribute and to possess with the intent to distribute in excess of 500 kilograms (1,100) pounds of a mixture or substance containing

offense. Consequently, the petitioner has not demonstrated that §2255 is an adequate or ineffective remedy, and he has improperly filed a §2241 petition.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984)..

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner.

DATED: November 28, 2006

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

a detectable amount of cocaine during the period beginning October, 1988, and continuing through April 17, 1991. As well, the indictment charged the petitioner with a second conspiracy of knowingly and intentionally attempting to possess and possessing with the intent to distribute in excess of 500 kilograms (1,100 pounds) of a mixture or substance containing a detectable amount of cocaine during the period March 1991 through April 17, 1991.