IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GONZALES GOMEZ-MORALES,

    Petitioner,

v.                                  Civil Action No. 5:06CV108
                                                    (STAMP)

WARDEN JOYCE FRANCIS,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

On September 8, 2006, <u>pro se</u> petitioner, Gonzales Gomez-Morales, filed an application for habeas corpus pursuant to 28 U.S.C. § 2241. In the petition, the petitioner challenges the validity of his 1992 conviction in the United States District Court for the District of Arizona, Phoenix Division, for violation of 21 U.S.C. §§ 841(a)(1) and 846. The petition was referred to United States Magistrate Judge John S. Kaull for initial review pursuant to Local Rule of Prisoner Litigation Procedure 83.09. On November 29, 2006, the magistrate judge issued a report recommending that the § 2241 petition be denied. The magistrate judge informed the parties that they must file any objections to the report and recommendation within ten days after being served with copies of this report. On December 7, 2006, the petitioner filed objections.

II.  Discussion

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's

recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).  Because the petitioner in this case filed objections to the report and recommendation, this Court will undertake a de novo review.

A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997).  However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision.  In re Vial, 115 F.3d at 1194 n.5 (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328 (4th Cir. 2000).

In this case, the petitioner has failed to establish the elements required by Jones.  Specifically, 21 U.S.C. §§ 841(a)(1)

2

and 846, the substantive law under which the petitioner was convicted, has at no point in time been changed such that the petitioner's conduct would no longer be deemed criminal. In his objections, the petitioner appears to contend that the offenses of conspiracy to distribute cocaine and conspiracy to attempt to possess and distribute cocaine are not federal crimes. This Court finds no merit to the petitioner's objections. Therefore, because the petitioner has not demonstrated that § 2255 is inadequate or ineffective in this case, the petitioner's § 2241 petition must be dismissed.

### III. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the petitioner's § 2241 motion is DENIED WITH PREJUDICE. This civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgement of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of

Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: February 20, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE